UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA NO. 12-10460-JCB

GARRETT W. LING,
    Plaintiff,

v.

TOWN OF CHATHAM,
CHATHAM POLICE DEPARTMENT,
MARK R. PAWLINA, Chief,
    Defendants.

## ANSWER AND JURY CLAIM OF DEFENDANTS, TOWN OF CHATHAM AND MARK PAWLINA

The defendants, Town of Chatham and Mark Pawlina answer the plaintiff's complaint as follows:

The defendants neither admit nor deny the allegations contained in the first unnumbered paragraph as same are a statement of introduction. To the extent factual allegations are asserted therein, the defendants deny same.

### PARTIES

1. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 1.

2. The defendants admit the first sentence of paragraph 2. The defendants neither admit nor deny the second sentence of paragraph 2 as same calls for conclusions of law.

3. The defendants admit that the defendant Police Chief is the statutory licensing authority for firearms licenses. The defendants deny the remaining allegations contained in paragraph 3.

### PETITION FOR JUDICIAL REVIEW

4. The defendants reassert their responses to paragraphs 1-3 as is specifically restated herein.

5. The defendants deny the allegations contained in paragraph 5.

1

6. The defendants deny the allegations contained in paragraph 6.

7. The defendants neither admit nor deny the allegations contained in paragraph 7 as the referenced document's contents speaks for itself.

8. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 8.

9. The defendant admits that the defendant Pawlina's letter of 12/23/11 is attached to the complaint.

10. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 10.

11. The defendants admit the allegations contained in paragraph 11.

12. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 12.

13. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 13.

14. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 14.

15. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 15.

16. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 16.

17. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 17.

18. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 18.

19. The defendants neither admit nor deny the allegations contained in paragraph 19 as same is a conclusion of law.

20. The defendants neither admit nor deny the allegations contained in paragraph 20 as same is a conclusion of law.

## COUNT I

21. The defendants reassert their responses to paragraphs 1-20 as is specifically restated herein.

22. The defendants deny the allegations contained in paragraph 22.

23. The defendants deny the allegations contained in paragraph 23.

24. The defendants deny the allegations contained in paragraph 24.

## COUNT II

25. The defendants reassert their responses to paragraphs 1-24 as is specifically restated herein.

26. The defendants deny the allegations contained in paragraph 26.

27. The defendants deny the allegations contained in paragraph 27.

28. The defendants deny the allegations contained in paragraph 28.

WHEREFORE, the defendants request judgment in their favor together with costs and attorneys fees.

## DEMAND FOR JURY TRIAL

The defendants request a trial by jury on all counts of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

**First:**

The plaintiff has failed to state a claim for which relief may be granted.

**Second:**

The plaintiff has failed to commence this action within the applicable statute of limitations and thus the claims must be dismissed.

**Third:**

The individual defendant acted objectively reasonably under the circumstances and thus is qualifiedly immune from liability.

**Fourth:**

The plaintiff is not a suitable person to be issued a license pursuant to MGL ch. 146, s. 131(d).

**Fifth:**

The plaintiff has failed to produce substantial evidence that he is a proper person to hold a license to carry a firearm.

**Sixth:**

There is no property right or deprivation of liberty involved in the statutory procedures for obtaining a license to carry a firearm under the Massachusetts statutory provision.

Defendants,
By their attorney,


/s/ Douglas I. Louison
Douglas I. Louison   (BBO# 545191)
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA 02110
Dlouison@lccplaw.com
(617) 439-0305

**CERTIFICATE OF SERVICE**

I, Douglas I. Louison, hereby certify that on the 5th day of April, 2012, I served the foregoing by causing a copy to be directed to:

James P. Connors, Esq.
3291 Main Street, PO Box 730
Barnstable, MA 02630

/s/ Douglas I. Louison
Douglas I. Louison