UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____<br>GARRETT W. LING<br><br>    Plaintiff,<br><br>vs.<br><br>TOWN OF CHATHAM,<br>CHATHAM POLICE DEPARTMENT,<br>MARK R. PAWLINA, CHIEF,<br><br>    Defendant.<br>_____ | C.A. NO.: 12-cv-10460-JCB |

**FIRST AMENDED PETITION FOR JUDICIAL REVIEW
AND COMPLAINT PURSUANT TO 42 U.S.C. § 1983**

  Now comes Garrett W. Ling ("Plaintiff") and hereby submits the within First Amended Petition for Judicial Review and Complaint Pursuant to 42 U.S.C. § 1983 which seeks to move this Honorable Court for judicial review of the denial of a license to carry ("LTC") by the Chief of the Chatham Police Department Mark R. Pawlina ("Defendant") a Town employee of the Town of Chatham ("Defendant"), Massachusetts, to the aforementioned Plaintiff. Plaintiff seeks an order that said LTC be issued forthwith to the Plaintiff for the following reasons and for damages for violation of his civil rights pursuant to 42 U.S.C. § 1983.

**PARTIES**

1.  Garrett W. Ling is a natural person and a citizen of the United States. Mr. Ling resides at 57 Winterhome Road, West Chatham Massachusetts.

2.  The Town of Chatham is a municipal corporation organized under the laws of the Commonwealth of Massachusetts. The Town is presently enforcing the laws, customs, practices, and policies complained of in this action.

3.  Chief Mark R. Pawlina is the person in the Town of Chatham responsible for executing and

1

administering the Town's laws, customs, practices and policies regarding firearms licenses. Chief Pawlina is presently enforcing the laws, customs, practices, and policies complained of in this action and is being sued in both his official and individual capacities.

## PETITION FOR JUDICIAL REVIEW

4. The Plaintiff repeats and re-alleges the allegations of ¶¶ 1-3 of this Petition for Judicial Review and Complaint pursuant to 42 U.S.C. § 1983 as if each were set forth fully herein.

5. The Plaintiff maintains that the LTC denial on December 23, 2011 violates his Second Amendment Rights to the United States Constitution, said Constitutional Rights were held incorporated to the states on June 28, 2010 in *McDonald v. The City of Chicago*, 188 S. Ct. 2783 *(June 28, 2010)*.

6. Said denial was an abuse of discretion, was not based on competent evidence and was made in an arbitrary and capricious manner. A copy of the December 23, 2011 denial letter is annexed hereto.

7. The Plaintiff's CORI is annexed hereto that demonstrates that the Plaintiff does not have any statutory disqualifying convictions, and in fact, does not have a record whatsoever.

8. The Plaintiff firmly maintains that he is duly qualified to obtain a license to carry, he has held a firearms identification card ("FID"), since 2008, and has held said card without incident including never being subjected to revocation. A copy of the Plaintiff's FID card is annexed hereto.

9. The Chatham Police Department's decision dated December 23, 2011 is part of the record hereof.

10. The Defendant in his denial letter, relied upon information concerning an alleged incident in November 2011 where it was later learned by the Defendant that this incident never occurred. Such basis for denial was clearly an arbitrary abuse of discretion.

11. The Defendant also relied upon information concerning the use of illegal drugs, to wit, marijuana where the Massachusetts Legislature decriminalized said substance. In the Defendant's Initial Disclosures, a copy of the Law Enforcement Guidelines to Firearms, 17th Edition, Page 215 (2011) was produced which provides that said civil infraction cannot be utilized to disqualify an applicant based on suitability. The Defendant's denial based on one civil infraction is a clearly arbitrary capricious abuse of the Defendant's discretionary power as it relates to firearms licensing.

12. The Plaintiff truthfully answered all questions in the license to carry application. A copy of the Application is annexed hereto.

13. The Plaintiff was 21 years old at the time of making the application.

14. The Plaintiff has never been convicted of the unlawful use, possession, or sale of any narcotics or harmful drugs.

15. The Plaintiff has never been convicted as an adult or adjudicated as a youthful offender or juvenile delinquent in any state or federal jurisdiction of: (a) a felony; (b) a misdemeanor punishable by imprisonment for 2 or more years; (c) a violent crime as defined in M.G.L. c. 140, § 121; (d) a violation of any law regulating the use, possession, ownership, sale, transfer, rental, receipt, or transportation of weapons or ammunition for which a term of imprisonment may be imposed; or (e) a violation of any law regulating the use, sale or possession of controlled substances as defined by section 1 of M.G.L. 94C.

16. The Plaintiff has never been under treatment for or confinement for drug addiction or habitual drunkenness.

17. The Plaintiff has never appeared as a defendant in any court for any criminal offense (excluding non-criminal traffic offenses).

18. The Plaintiff has never been the subject of a M.G.L. c. 209A restraining order or involved in a

domestic violence charge.

19. The Plaintiff has never had his FID card suspended or revoked. The only denial of a firearms license is the application for a license to carry denial complained of in this action.

20. The Plaintiff has never been the subject of any outstanding arrest warrant in any federal or state jurisdiction.

21. The Second Amendment right to keep and bear arms is a privilege or immunity of the United States citizenship, which, pursuant to the Fourteenth Amendment, states and their political subdivisions may not violate.

22. The Second Amendment right to keep and bear arms is incorporated as against the states and their political subdivisions pursuant to the Due Process Clause of the Fourteenth Amendment.

**WHEREFORE,** Garrett W. Ling respectfully requests that this Honorable Court grant him a License to Carry and declare that the Defendant's decision was an arbitrary and capricious act in violation of the Plaintiff's constitutional rights.

## COUNT I
## 42 U.S.C. § 1983 - Town of Chatham

23. The Plaintiff repeats and re-alleges the allegations of ¶¶ 1-22 of this Petition for Judicial Review and Complaint pursuant to 42 U.S.C. § 1983 as if each were set forth fully herein.

24. The Defendant Town of Chatham clearly deprived the Plaintiff of his Second Amendment right to keep and bear arms.

25. The Defendant currently maintains and actively enforces a set of laws, customs, practices, and policies under color of state law that deprive individuals, including the Plaintiff, of his right to keep and bear arms, in violation of the Second and Fourteenth Amendments.

26. The Plaintiff has been damaged in violation of 42 U.S.C. § 1983 because the Defendant has violated his rights. The Plaintiff has been irreparably harmed.

**WHEREFORE,** the Plaintiff demands the following against the Defendant:

a. That the Court enter judgment in favor of the Plaintiff and against the Defendant, Town of Chatham on this Count of the Complaint;

b. The Court award Compensatory damages for the Plaintiff in an amount to be determined at trial;

c. That the Court award Punitive damages for the Plaintiff in an amount to be determined at trial, in order that such award will deter similar proscribed conduct in the future;

d. That the Court award to the Plaintiff pre-judgment and post-judgment interest on all sums awarded to him in this action;

e. A Court order, pursuant to 42 U.S.C. § 1988, that the Plaintiff is entitled to the costs involved in maintaining this action and attorney's fees; and

f. For such other relief as this Court may deem equitable and appropriate.

## COUNT II
### 42 U.S.C. § 1983 - Chief Mark R. Pawlina

27. The Plaintiff repeats and re-alleges the allegations of ¶¶ 1-26 of this Petition for Judicial Review and Complaint pursuant to 42 U.S.C. § 1983 as if each were set forth fully herein.

28. The Defendant Town of Chatham, Chief of Police Mark R. Pawlina, clearly deprived the Plaintiff of his Second Amendment right to keep and bear arms.

29. The Defendant currently maintains and actively enforces a set of laws, customs, practices, and policies under color of state law that deprive individuals, including the Plaintiff, of his right to keep and bear arms, in violation of the Second and Fourteenth Amendments.

30. The Plaintiff has been damaged in violation of 42 U.S.C. § 1983 because the Defendant has violated his rights. The Plaintiff has been irreparably harmed.

**WHEREFORE,** the Plaintiff demands the following against the Defendant:

a. That the Court enter judgment in favor of the Plaintiff and against the Defendant, Town of Chatham Chief of Police Mark R. Pawlina, on this Count of the Complaint;

b.  The Court award Compensatory damages for the Plaintiff in an amount to be determined at trial;

c.  That the Court award Punitive damages for the Plaintiff in an amount to be determined at trial, in order that such award will deter similar proscribed conduct in the future;

d.  That the Court award to the Plaintiff pre-judgment and post-judgment interest on all sums awarded to him in this action;

e.  A Court order, pursuant to 42 U.S.C. § 1988, that the Plaintiff is entitled to the costs involved in maintaining this action and attorney's fees; and

f.  For such other relief as this Court may deem equitable and appropriate.

## COUNT III
### Violation of G.L. c. 140, § 131 - Chief Mark R. Pawlina

27. The Plaintiff repeats and re-alleges the allegations of ¶¶ 1-26 of this Petition for Judicial Review and Complaint pursuant to 42 U.S.C. § 1983 as if each were set forth fully herein.

28. The Defendant Town of Chatham, Chief of Police Mark R. Pawlina, knowingly violated of G.L. c. 140, § 131 which calls upon the Defendant to provide a written decision either granting or denying a LTC to an applicant within forty (40) days of receipt of an application, was clearly violated when the Defendant provided the Plaintiff with a written decision almost sixty (60) days after expiration of the forty (40) day statutory maximum limit.

30. The Defendant's violation of G.L. c. 140, § 131 under color of state law constitutes a violation of his Second Amendment rights under the United States Constitution.

29. The Defendant currently maintains and actively enforces a set of laws, customs, practices, and policies under color of state law that deprive individuals, including the Plaintiff, of his right to keep and bear arms, in violation of the Second and Fourteenth Amendments.

30. The Plaintiff has been damaged in violation of 42 U.S.C. § 1983 because the Defendant has violated his rights. The Plaintiff has been irreparably harmed.

**WHEREFORE,** the Plaintiff demands the following against the Defendant:

a. That the Court enter judgment in favor of the Plaintiff and against the Defendant, Town of Chatham Chief of Police Mark R. Pawlina, on this Count of the Complaint;

b. The Court award Compensatory damages for the Plaintiff in an amount to be determined at trial;

c. That the Court award Punitive damages for the Plaintiff in an amount to be determined at trial, in order that such award will deter similar proscribed conduct in the future;

d. That the Court award to the Plaintiff pre-judgment and post-judgment interest on all sums awarded to him in this action;

e. A Court order, pursuant to 42 U.S.C. § 1988, that the Plaintiff is entitled to the costs involved in maintaining this action and attorney's fees; and

f. For such other relief as this Court may deem equitable and appropriate.

    Respectfully submitted,
    Garrett W. Ling,
    By his attorney,

    /s/ James P. Connors
    James P. Connors, Esq.
    BBO # 653135
    3291 Main Street, P.O. Box 730
    Barnstable, MA 02630
    (508) 744-1513
    jpconnorsatty@gmail.com

February 23, 2013

**CERTIFICATE OF SERVICE**

      I, James P. Connors, hereby certify that on February 23, 2013 the foregoing motion will be served electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

                                                  /s/ James P. Connors
                                                  James P. Connors
                                                  BBO # 653135