UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) | C.A. NO.: 12-cv-10460-JCB |
| GARRETT W. LING | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| TOWN OF CHATHAM, | ) |  |
| CHATHAM POLICE DEPARTMENT, | ) |  |
| MARK R. PAWLINA, CHIEF, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) |  |

**MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE AND SERVE GARRETT W. LING'S FIRST AMENDED
PETITION FOR JUDICIAL REVIEW
AND COMPLAINT PURSUANT TO 42 U.S.C. § 1983
IN ACCORD WITH FED.R.CIV.P. 15(c)(1)(B)**

Now comes Garrett W. Ling ("Plaintiff") and hereby offers this memorandum in support of his Motion For Leave to File and Serve his First Amended Petition for Judicial Review and Complaint Pursuant to 42 U.S.C. § 1983 ("Petition") to add a cause of action against the defendant Chief of Police, Town of Chatham, Mark R. Pawlina ("Defendant") for violation of G.L. c. 140, § 131 with supporting facts, pursuant to Fed.R.Civ.P. 15(c)(1)(B).

**ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 15(c)(1)(B) a party may amend a pleading when it relates back to the date of the original pleading where the amendment asserts a claim that arose out of the conduct complained of by the Plaintiff. In this case the Plaintiff claims that the Defendant, while acting under color of state law, violated his Second Amendment rights to the United States Constitution and further that said violation also included a violation of G.L. c. 140, § 131 which arises under state law.

In an effort to clarify this allegation, the plaintiff seeks amend his Petition by utilizing minimal

additional factual assertions to support the claim of statutory violation that may appear to contain technical deficiencies and by allowance of such amendment, said pleading shall relate back to the original pleading as the allegations contained in the amended pleading arise out of the same conduct and occurrences between the parties.

The Defendant has been on notice of the assertion of a statutory violation as evidenced by its discovery served upon the Plaintiff on June 14, 2012 specifically asking what the Plaintiff relied upon concerning the allegation that the Defendant currently enforces the laws of the Commonwealth, whereupon it was answered by citing G.L. c. 140, § 131 as a basis for this allegation.

Pursuant to Fed.R.Civ.P. 15(c)(1)(B), a relation back amendment is one where "... the claim must arise out of the conduct, transaction, or occurrence, set out or attempted to be set out – in the original pleading." *Coons v. Industrial Knife Company, Inc., 620 F.3d 38, 42 (1010)*.  The amendment being sought here amply fits within the parameters of Fed.R.Civ.P. 15(c)(1)(B) and therefore should be allowed.

The Defendant has been on notice of this claim since at least June 14, 2012 and in both depositions conducted in this case, mention has been made of the statutory violation.  Based n this, no harm, prejudice or unfair surprise could be gleaned from the within request.  It is also anticipated that no additional discovery is necessary, only supplementation of previously served discovery.

WHEREFORE, Garrett W. Ling respectfully requests that this Honorable Court allow his motion to amend, and upon allowance, that his First Amended Petition for Judicial Review and Complaint Pursuant to 42 U.S.C. § 1983 be deemed filed and served.

        Respectfully submitted,
        Garrett W. Ling,
        By his attorney,

/s/ James P. Connors
James P. Connors, Esq.
BBO # 653135
3291 Main Street, P.O. Box 730
Barnstable, MA 02630
(508) 744-1513
jpconnorsatty@gmail.com

February 23, 2013

## CERTIFICATE OF SERVICE

I, James P. Connors, hereby certify that on February 23, 2013 the foregoing motion will be served electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

/s/ James P. Connors
James P. Connors
BBO # 653135