**EXHIBIT "7"**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 12 cv 10460- JCB

GARRETT W. LING,
    Plaintiff,

v.

TOWN OF CHATHAM,
CHATHAM POLICE DEPARTMENT,
MARK R. PAWLINA, Chief,
    Defendants.

## DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**Objection.** The plaintiff has sued three separate plaintiffs. The defendants object to the first set of Interrogatories as it fails to direct the Interrogatories to a particular defendant. Without waiving said objection, these Interrogatories will be answered by the defendant Mark R. Pawlina, Chief only. The defendants object to answering Interrogatories on behalf of three separate defendants. To the extent that the plaintiff directs Interrogatories to other defendants, plaintiff should do so by sending separate sets of Interrogatories to those defendants.

### INTERROGATORY NO. 1

Please state your full name, date of birth, social security number, residential address, occupation and business address, title or position, and your duties in that position with the Defendant.

### ANSWER NO. 1

Sgt. Andrew B. Goddard, Chatham Police Department

Sgt. William Massey, Chatham Police Department

Officer William S. Little, Jr., Chatham Police Department

**INTERROGATORY NO. 4**

Please identify by full name, address and telephone number, all individuals you and your attorney(s) plan to call as an expert witness in this case, and provide a description of the subject matter of each witnesses' anticipated testimony, the substance of facts and opinions on which each expert is expected to testify and a summary of the grounds for each opinion, and please provide a current copy of such expert's opinion and his/her curriculum vitae (C.V.).

**ANSWER NO. 4**

No decision has been made as to the calling of expert witnesses at trial. This interrogatory response will be supplemented as appropriate or the same information will be provided pursuant to a pretrial order or contained in a pretrial conference report.

**INTERROGATORY NO. 5**

Please identify by full name, address and telephone number, all individuals you and your attorney(s) plan to call as a witness in this case, and provide a description of the subject matter of each witnesses' anticipated testimony, the substance of facts and opinions on which each witness is expected to testify.

**ANSWER NO. 5**

No decision has been made as to the calling of witnesses at trial. This interrogatory will be supplemented as appropriate or the same information will be provided pursuant to a pre-trial order or contained in a pretrial conference report. It is anticipated that Chief Mark Pawlina will testify at trial. He will testify as to his background, education, and experience and with regard

to his review of the application for firearm permits. He will testify as to the review of the plaintiff's background and his opinion that the plaintiff did not comply with the requirements of the applicable statutes with regard to the application for the issuance of a carrying permit for a high capacity firearm that he was not considered, in his opinion, to be a suitable person, nor did he have the proper purposes for such permit. The defendant objects to further answering Interrogatory No. 5 as the questions are appropriate for an expert, not for a lay person. Without waiving said objection, the opinion of the witness, Chief of Police, will be based on his experience and review of the facts as contained in the documents produced to the plaintiff pursuant to the Request for Production of Documents. Further answering, the Chief will testify that in his opinion, the plaintiff did not have proper purposes for a permit to carry a concealed high capacity firearm nor was he a suitable person based on a review of the plaintiff's background.

To the extent necessary, the individuals identified in Interrogatory No. 4 may testify with regard to specific involvement with the plaintiff as contained in some of the incident reports produced to the plaintiff pursuant to the plaintiff's Request for Production of Documents.

The Town Manager, Jill Goldsmith, may testify as to the municipal defendants' policy and procedures and the training of the police officers.

**INTERROGATORY NO. 6**

Identify, with a brief description, each letter, memorandum, report, note, form, or paper of any kind that refers or relates in any way, to the Plaintiff and any and all events or contentions' of the Plaintiff's Petition.

**ANSWER NO. 6**

The defendant directs the plaintiff's attention to the documents identified and produced to

## INTERROGATORY NO. 14

Please state the basis for not responding to the Plaintiff's application for a LTC within the statutory mandate of forty-five (45) days upon receipt of an application for a LTC.

## ANSWER NO. 14

Additional time was needed to do a thorough analysis of the plaintiff's suitability and proper purposes for the issuance of the permit.

## INTERROGATORY NO. 15

Please identify every person with whom you consulted in preparing your answers to these interrogatories.

## ANSWER NO. 15

Sgt. Andrew Goddard, Chatham Police Department.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 12th DAY OF OCTOBER, 2012.

_____
Mark R. Pawlina, Police Chief

As to Objections:

_____
Bradford N. Louison, (BBO #305755)
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA 02110
blouison@lccplaw.com
(617) 439-0305

12