**EXHIBIT "10"**

**Subject:** Re: Motion
**From:** "james p. connors" <jpconnorsatty@gmail.com>
**Date:** 3/29/2013 3:46 PM
**To:** Bradford Louison <blouison@lccplaw.com>

I indeed will, and educate you as well: G.L. c. 140 s. 131(f) mandates that a Justice, after hearing, decides whether or not there was reasonable grounds to deny a license....
These hearings are formal in nature where testimony is taken, and in this instance, the Chief. Summary judgment is not in trial format like the petition for judicial review.

On 3/29/2013 3:34 PM, Bradford Louison wrote:
> Tell it to the Judge. I disagree, as a hearing on the Motion for Summary Judgment would satisfy due process. Otherwise ask the judge to hold a hearing separately after he decides (hopefully dismisses) the civil rights counts. Or ask him to remand the  Petition part  to Orleans District Court.
>
> Sincerely yours,
>    Bradford N. Louison, Esq.
> Louison, Costello, Condon & Pfaff, LLP
> 101 Summer Street, #4
> Boston, MA 02110
> (617) 439-0305
> fax (617) 439-0325
>
> BLDS | Baystate Legal Defense Service
> This information contained in this electronic message and any attachments to this message are intended only for the exclusive use of the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections.  If you believe you have received it in error,  please call us at (617) 439-0305.  Non-clients are hereby advised that any use, dissemination, distribution or reproduction of this communication is strictly prohibited.
>     To ensure compliance with requirements imposed by U.S. Treasury Regulations, Louison, Costello, Condon & Pfaff, LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
>
> -----Original Message-----
> From: james p. connors [mailto:jpconnorsatty@gmail.com]
> Sent: Friday, March 29, 2013 3:25 PM
> To: Bradford Louison
> Subject: Re: Motion
>
> Due process requires a hearing.
> On 3/29/2013 3:19 PM, Bradford Louison wrote:
>> Hi Jim;
>>
>> I believe the Federal Court can decide the petition as well as your claims for damages. I am asking it to do it by motion.
>>
>> Sincerely yours,
>>    Bradford N. Louison, Esq.

Louison, Costello, Condon & Pfaff, LLP
101 Summer Street, #4
Boston, MA 02110
(617) 439-0305
fax (617) 439-0325

BLDS | Baystate Legal Defense Service
This information contained in this electronic message and any attachments to this message are intended only for the exclusive use of the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you believe you have received it in error, please call us at (617) 439-0305. Non-clients are hereby advised that any use, dissemination, distribution or reproduction of this communication is strictly prohibited.

To ensure compliance with requirements imposed by U.S. Treasury Regulations, Louison, Costello, Condon & Pfaff, LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

-----Original Message-----
From: james p. connors [mailto:jpconnorsatty@gmail.com]
Sent: Friday, March 29, 2013 2:48 PM
To: Bradford Louison
Subject: Motion

Hi Brad,
As we both suspected, the summary judgment has been filed and there will be an opposition. The Court has not acted upon the motion to amend to add the count of statutory violation as an individual count.
I will address this in the motion because it was plead in the original petition. What concern I do have, is that you are asking the Court to dismiss the petition along with SJ on the civil rights claims.
As you should know, even Massachusetts courts who have dealt with pre-incorporation of the 2nd Amendment licensing issues, have proclaimed that an applicant's due process rights are embodied in the petition seeking judicial review in the Courts. Simply, before Massachusetts was forced to recognize 2nd Amendment rights, the Court's acknowledged that an applicant has rights concerning the a firearms application and its process.
According to the defendants SJ motion, it is being specifically asked that the Court at the defendants direction, violate the plaintiff''s constitutional right to due process. Before I write and file the opposition which is due by May 3, 2013, I urge that you consider elimination in the motion, the demand for petition dismissal.
Settled law simply makes this request improper.
James